Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff David Robinson

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Robinson, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | |
| Hillside Holdings LLC, | **Jury Trial Demanded** |
| Defendant. | |

David Robinson ("Plaintiff") alleges the following:

### INTRODUCTION

1.      Plaintiff brings this action against Defendant Hillside Holdings LLC ("Defendant") for unlawfully discriminating against Plaintiff because of Plaintiff's disability at the Oasis Dental ("Oasis Dental") located at 2807 Ritchie Street in Oakland, California ("Property").

2.      Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California law.

### PARTIES

3.      Plaintiff is a natural person and an adult resident of the San Francisco Bay Area. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

4.      Defendant is a California limited liability company with its principal address in Oakland, California.

5.      Defendant owned, managed, operated, or otherwise was responsible for the Property

where the Oasis Dental is located.

## JURISDICTION

6.      The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

7.      Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

## VENUE

8.      Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that the Property and Oasis Dental are located inside this district and that Plaintiff's claims arose in this district.

## FACTUAL ALLEGATIONS

9.      Plaintiff suffers from disabilities, and/or medical conditions that are disabilities.

10.     Plaintiff is a paraplegic due to a tragic motorcycle accident.

11.     Plaintiff requires a wheelchair to facilitate his mobility because of a spinal cord injury.

12.     Plaintiff's symptoms substantially limit his major life activities.

13.     Plaintiff has at all relevant times, displayed a valid disabled person parking placard issued by the California Department of Motor Vehicles.

14.     Plaintiff's lives in the San Francisco Bay Area, not far from Oasis Dental and the Property.

15.     In May 2023, Plaintiff went to the Property to visit Oasis Dental.

16.     Plaintiff wanted to inquire about medical services related to a tooth implant.

17.     Unfortunately, when Plaintiff arrived at the Property there was no accessible parking whatsoever.

18.     Even if there had been accessible parking, Plaintiff still would not have been able to enter Oasis Dental as there was no accessible route. Specifically, the only way into Oasis Dental required climbing up a set of stairs, which Plaintiff is not able to do in his wheelchair.

19.     Plaintiff would like to return to the Oasis Dental in the future. It is a convenient location

for Plaintiff to go to for dental work when Plaintiff is in the area and they have favorable online reviews.

20.    Plaintiff grew up in the area and is regularly in the area, often times to visit his mother.

21.    Oasis Dental and Property are open to the public and their operation affects commerce.

22.    Oasis Dental and Property are business establishments.

23.    Oasis Dental and the Property has undergone construction and/or alterations, structural repairs, or additions since July 1, 1970 and/or July 1, 1982.

24.    Plaintiff has suffered and continues to suffer violations of his civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer negative feelings.

25.    The presence of accessible parking spaces is not just a matter of convenience but a vital necessity for individuals with severe mobility impairments, such as someone who is paraplegic and relies on a wheelchair for mobility. For such a person, the spinal cord injury has fundamentally altered how they interact with the world, making tasks that others take for granted—like a simple trip to a dental office—a logistical challenge. Accessible parking spaces are specifically designed to accommodate the extra space needed for a wheelchair, as well as to provide a safer and more convenient path to the store's entrance. This small but significant accommodation can make a profound difference in the life of someone who already faces daily challenges due to their condition, allowing them to retain a level of independence and dignity that is invaluable.

26.    Making businesses accessible via routes that accommodate wheelchairs, rather than just stairs, is an urgent necessity, especially for individuals with severe mobility impairments. Consider the case of a person who has lost their ability to walk due to a debilitating illness or injury. For them, navigating a world designed primarily for the able-bodied isn't just difficult; it's a daily struggle that magnifies their condition. Stairs at the entrance of a business become not just an inconvenience but an insurmountable barrier, effectively isolating them from services or goods.

### FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

27.    Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated

herein.

28.     Defendant has denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of Oasis Dental and the Property.

<u>Failure to Remove Architectural Barriers at an Existing Property</u>

29.     Defendant has failed to remove architectural barriers, which are structural in nature, where it is reasonably achievable, without much difficulty or expense, and the cost of removing the architectural barriers does not exceed the benefits under these particular circumstances.

30.     For those barriers where it is not reasonably achievable to remove them, if any, Defendant has failed to make the goods, services, facilities, or accommodations available through alternative methods that are readily achievable.

<u>Failure to Design and Construct an Accessible Property</u>

31.     The improvements at the Property are believed to have been designed and constructed, or both, after January 26, 1993, independently triggering access requirements under Title III of the ADA.

32.     Defendant violated the ADA by failing to design and construct the facilities at the Property in a manner that was readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

<u>Failure to Make an Altered Facility Accessible</u>

33.     Plaintiff alleges that the Property was modified after January 26, 1993, independently triggering access requirements under the ADA.

34.     The ADA requires properties altered in a manner that affects or could affect its usability be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

35.     Defendant altered the Property in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – the maximum extent possible.

36.     The configuration and condition of the Property denied Plaintiff a public accommodation due to Plaintiff's disability.

//

<u>Failure to Maintain Accessible Features</u>

37.     Defendant violated the ADA by failing to maintain in operable and working condition those features of the Oasis Dental and Property that are required to be readily accessible to and be usable by persons with disabilities.

38.     Defendant's failure in maintaining the Oasis Dental and Property in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

39.     The configuration and condition of the Oasis Dental and Property denied Plaintiff a public accommodation due to Plaintiff's disability.

40.     It is readily achievable for Defendant to remove the barriers.

41.     Defendant does not have any legitimate business justification to excuse the condition and configuration of the Oasis Dental and Property.

42.     Defendant's violations are the cause of suffering for Plaintiff.

43.     Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities, as well as attorney's fees, costs, and other expenses for these violations.

## **SECOND CAUSE OF ACTION**

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

44.     Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

45.     The Oasis Dental is a business establishment.

46.     As described above, Defendant intentionally discriminated against Plaintiff during Plaintiff's visit to Oasis Dental at the Property.

47.     The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

48.     Defendant violated the ADA during Plaintiff's visit to Oasis Dental at the Property.

49.     Defendant' acts and omissions as specified are in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

50.     Plaintiff was harmed.

51.     Defendant's conduct was a substantial factor in causing Plaintiff's harm.

52.     As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

53.     Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

## **PRAYER**

Plaintiff hereby prays for the following:

1.      Injunctive relief compelling Defendant to cease its discrimination of disabled persons and remove all accessibility barriers that relate to Plaintiff's disability;

2.      Damages under the Unruh Civil Rights Act of no less than $25,000;

3.      Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4.      Other relief that the court deems appropriate.

Dated: September 19, 2023                    Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff